UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



GRAND JURY H-20-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:21CR 136 VAB/rms |
| v. | |
| INNIS FREDERICK | VIOLATION:<br>18 U.S.C. § 371<br>(Conspiracy to Defraud the United States and Impede and Impair the IRS) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Defraud the United States and Impede and Impair the IRS)

Introductory Allegations

1. At all times relevant to this Indictment, Equinox Home Care, LLC ("EHC"), a home healthcare staffing agency located in Stratford, Connecticut, was owned and operated by Theresa Foreman ("Foreman"), who has been charged separately. EHC was established as a partnership and, in approximately September 2012, an arbitration award was entered whereby Foreman was required to make payment to her partner; that order was confirmed by the Connecticut Superior Court, and subsequently affirmed on appeal in or about July 2014.

2. At all times relevant to this Indictment, the defendant INNIS FREDERICK ("FREDERICK"), who was Foreman's brother, worked for EHC and processed EHC's payroll for its employees. FREDERICK submitted data concerning EHC's employees and the hours they worked to a payroll processing company (referred to herein as the "Payroll Company"). The Payroll Company would then issue checks to EHC employees and make payroll related tax withholdings from employees' paychecks.

3. Data from a Form W-2, "Wage and Tax Statement," is transmitted to the Internal Revenue Service ("IRS") for an individual employee on a yearly basis. On that form, for each employee, employers report wages, tips, and other compensation as well as tax withholdings, including for federal and state income, Social Security, and Medicare. Forms W-2 also are provided to employees for their use in preparing and filing their own individual federal income tax returns.

4. Data from a Form W-3, "Transmittal of Wage and Tax Statements," is transmitted to the IRS for employers on a yearly basis. On this form, an employer reports information including total wages, tips, and other compensation paid to employees as well as total tax withholdings, including for federal and state income, Social Security, and Medicare.

5. Based upon the information FREDERICK submitted, the Payroll Company prepared and submitted Forms W-3 for EHC and Forms W-2 for EHC's employees, which data was ultimately transmitted to the IRS.

6. A U.S. Individual Income Tax Return (Form 1040) is filed with the IRS on a yearly basis. On a Form 1040, an individual reports items to include wages, income from businesses, taxable income, and tax.

7. A U.S. Return of Partnership Income (Form 1065) is an information return utilized by a partnership business and is filed with the IRS on a yearly basis. On a Form 1065, a partnership reports items to include gross receipts or sales, total income or loss, salaries and wages, and other deductions. Information from the Form 1065 flows down to the partners' Forms 1040.

The Conspiracy

8. From in or about 2012, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including April 2016, in the District of Connecticut and elsewhere, FREDERICK did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree

together with other individuals both known and unknown to the Grand Jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS and of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue, that is, federal income taxes.

Manner and Means by Which the Conspiracy was Carried Out

The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following:

9. FREDERICK knowingly submitted false information to the Payroll Company, reflecting, at various times, that one or more of approximately 14 individuals (referred to herein as "Ghost Employees") who did not actually work for EHC, had worked particular hours, at specific rates of pay, and caused the Payroll Company to issue payroll checks payable to the Ghost Employees ("Ghost Employee Payroll Checks"). Some of the Ghost Employees did not exist with the name and Social Security number combinations provided.

10. FREDERICK caused the Payroll Company to prepare and submit false Forms W-2 and Forms W-3. Such data was ultimately transmitted to the IRS, which contained false information including compensation to Ghost Employees.

11. FREDERICK and Foreman deposited and caused to be deposited Ghost Employee Payroll Checks into bank accounts, including into accounts held in the name of FREDERICK and an account held in the name of Foreman's son, as a method to disguise the true recipient of the proceeds from the Ghost Employee Payroll Checks, that is, Foreman.

12. FREDERICK and Foreman cashed and caused others to cash and deposit Ghost Employee Payroll Checks for the purpose of providing funds to Foreman, as a method to disguise the true recipient of the proceeds from the Ghost Employee Payroll Checks, that is, Foreman.

13. Foreman and others caused the preparation and filing of false U.S. Returns of Partnership Income (Forms 1065) for EHC for tax years 2012 through 2014, which overstated salaries and wages.

14. Foreman and others caused the preparation and filing of false U.S. Individual Income Tax Returns (Forms 1040) for Foreman for tax years 2012 through 2014, which did not include the amounts Foreman received through the negotiation of the Ghost Employee Payroll Checks.

## Overt Acts

In furtherance of the conspiracy and to accomplish its purposes and objects, FREDERICK and others, both known and unknown to the Grand Jury, committed and caused others to commit at least one of the following overt acts, among others, in the District of Connecticut and elsewhere:

15. From at least 2012 through approximately mid-April 2016, FREDERICK knowingly and intentionally submitted false payroll data to the Payroll Company, which contained wage information for Ghost Employees who did not actually work for EHC, for the purpose of the Payroll Company issuing Ghost Employee Payroll Checks and processing other relevant paperwork, including on the following occasions:

   a. On or about December 10, 2013, FREDERICK submitted and caused to be submitted payroll data to the Payroll Company which contained false information, that Ghost Employees had worked during the week ending December 7, 2013.

   b. On or about October 20, 2014, FREDERICK submitted and caused to be submitted payroll data to the Payroll Company which contained false information, that Ghost Employees had worked during the week ending October 18, 2014.

16. By knowingly and intentionally causing the Payroll Company to issue Ghost Employee Payroll Checks for the purpose of making funds available to Foreman, without issuing

paychecks or causing Forms W-2 to be issued in Foreman's name, FREDERICK facilitated and caused Foreman to receive funds in a manner that concealed the true recipient from the IRS.

17. Through the submission of false payroll information to the Payroll Company, FREDERICK caused the Payroll Company to generate false Forms W-2 for Ghost Employees and for such data to be transmitted to the IRS and received by the IRS between on or about March 8, 2013 and on or about January 25, 2018, for tax years 2012 through 2016, including on the occasions identified below:

    a. On or about March 8, 2013, the IRS received Form W-2 data for a Ghost Employee for tax year 2012.

    b. On or about February 11, 2016, the IRS received Form W-2 data for certain Ghost Employees for tax year 2015.

18. Through the submission of false payroll information to the Payroll Company, FREDERICK caused the Payroll Company to generate false Forms W-3 for EHC for at least 2012, 2013, and 2014, and caused such data to be transmitted to the IRS and received by the IRS at various times for at least tax years 2012 through 2014.

19. Between in or about September 2012 and in or about December 2013, FREDERICK negotiated and deposited and caused to be negotiated and deposited Ghost Employee Payroll Checks totaling approximately $400,000 at bank accounts held in his name at JP Morgan Chase Bank, which included the following transactions:

    a. On or about June 27, 2013, FREDERICK deposited and caused to be deposited seven Ghost Employee Payroll Checks into a bank account held in his name at JP Morgan Chase Bank.

b. On or about December 5, 2013, FREDERICK deposited and caused to be deposited eight Ghost Employee Payroll Checks into a bank account held in his name at JP Morgan Chase Bank.

20. Between in or about September 2012 and in or about December 2013, using the bank accounts held in his name at JP Morgan Chase Bank, FREDERICK caused significant funds to be provided to Foreman that were derived from the Ghost Employee Payroll Checks, including through the checks to Foreman described below:

a. On or about July 24, 2013, FREDERICK wrote and caused to be written a check drawn on an account in his name at JP Morgan Chase Bank, which was payable to Foreman, in the amount of $10,420.

b. On or about December 5, 2013, FREDERICK wrote and caused to be written a check drawn on an account in his name at JP Morgan Chase Bank, which was payable to Foreman, in the amount of $9,995.

21. At various times between in or about September 2012 and in or about December 2013, FREDERICK made cash withdrawals from bank accounts he controlled at JP Morgan Chase Bank, which at times were in amounts that did not trigger the bank's currency transaction reporting requirements.

22. From on or about February 1, 2014 to on or about February 14, 2014, Foreman caused over $21,000 in Ghost Employee Payroll Checks to be deposited into an account held in the name of Foreman's son at Guilford Savings Bank.

23. Between approximately 2014 and 2016, Foreman deposited, cashed, and caused others to deposit and cash Ghost Employee Payroll Checks and to provide the funds for her benefit, which included the following:

      a.      On or about January 8, 2014, FREDERICK deposited and caused to deposited to a Regions Bank account held in his name over $3,000 in Ghost Employee Payroll Checks, and on or about January 9, 2014, FREDERICK wrote and caused to be written a check from the same Regions Bank account which was payable to Foreman in the amount of $8,000.

      b.      On or about November 5, 2015, Foreman cashed multiple Ghost Employee Payroll Checks at a JP Morgan Chase Bank branch in Connecticut.

      c.      On or about November 13, 2015, Foreman cashed multiple Ghost Employee Payroll Checks at a JP Morgan Chase Bank branch in Connecticut.

24.    Between approximately December 2012 and April 2016, Foreman used accounts in the name of her son at Guilford Savings Bank to make and cause to be made hundreds of thousands of dollars in cash deposits and to pay for personal expenditures.

25.    Through the submission of false payroll information which included the Ghost Employees, FREDERICK, Foreman, EHC's Chief Financial Officer, and others caused EHC's books and records to reflect the payments to Ghost Employees.

26.    On or about June 17, 2014, Foreman and at least one other person caused a Form 1065 to be filed with the IRS for EHC for 2013, which contained false information, in that it included falsely inflated salaries and wages (for non-partners).

27.    On or about October 19, 2015, Foreman and at least one other person caused a Form 1065 to be filed with the IRS for EHC for 2014, which contained false information, in that it included falsely inflated salaries and wages (for non-partners).

28. On or about October 15, 2014, Foreman caused a Form 1040 for her to be filed with the IRS for 2013, which contained false information, in that it failed to include as income to Foreman the proceeds from the Ghost Employee Payroll Checks she received and it underreported her total tax.

29. On or about October 14, 2015, Foreman caused a Form 1040 for her to be filed with the IRS for 2014, which contained false information, in that it failed to include as income to Foreman the proceeds from the Ghost Employee Payroll Checks she received and it underreported her total tax.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

_____
PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY

_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY